**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RN WELLNESS, LLC, a Delaware limited liability company; THE PERLER GROUP, INC., a New York Corporation,<br><br>     **Plaintiffs,**<br><br>    **-against-**<br><br>ESSENTIAL HERO, LLC, a California limited liability company; BRANDON BERNSTEIN, an individual,<br><br>     **Defendants.** | **21-cv-10704 (ALC)**<br><br>**ORDER DENYING, IN PART, MOTIONS TO DISMISS** |

**ANDREW L. CARTER, United States District Judge:**

   Plaintiffs RN Wellness, LLC ("RN Wellness") and The Perler Group, Inc. ("TPG"), (hereinafter, "Plaintiffs") suppliers of personal protective equipment ("PPE") and COVID-19 testing kits, bring this suit against Essentials Hero LLC, ("EH") a competitor in the PPE supply market and former supplier to Plaintiffs, and Brandon Bernstein ("Bernstein"), a former employee of TPG. Plaintiffs allege, *inter alia*, violation of the Defend Trade Secrets Act of 2016. Plaintiffs moves to dismiss Defendant EH's counterclaim for breach of contract for lack of subject of matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Plaintiffs' motions are DENIED IN PART.

## BACKGROUND

### I.  Procedural History

Plaintiffs commenced this action on December 15, 2021, asserting claims for (1) violation of the Defend Trade Secrets Act (18 U.S.C. § 1839) ("DTSA"); (2) misappropriation of trade secrets; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) tortious interference with contract; (6) tortious interference with prospective business relations; and (7) unjust enrichment against Defendants EH and Bernstein. On that same day, Plaintiffs moved for a Temporary Restraining Order ("TRO") seeking to enjoin Defendants from misappropriating Plaintiffs' trade secrets. ECF No. 8. On December 16, 2021, the Court issued an order granting the TRO and setting a further hearing for cause as to why a preliminary injunction should not issue. ECF No. 12. On January 5, 2022, the Court entered a preliminary injunction as to Defendants and granted Plaintiffs' request for expedited discovery. On January 5, 2022, Defendant EH filed an answer to Plaintiffs' complaint. ECF No. 26. In its answer, Defendant EH filed a counterclaim against Plaintiff RN Wellness asserting a single claim for breach of contract. *Id*.

On January 14, 2022, Plaintiffs filed a letter for a pre-motion conference in connection with their anticipated motion to dismiss EH's counterclaim under Fed. R. Civ P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). On January 19, 2022, Defendants filed a response to Plaintiffs' letter. ECF NO. 29. On April 11, 2022, the Court denied the motion requesting a pre-motion conference and granted Plaintiffs leave to file their motion to dismiss and supporting memorandum of law on May 2, 2022 ("Pls' Mot."). ECF Nos. 32-33. Defendant filed their opposition on May 23, 2022 ("Def.'s Opp.") and supporting declaration. ECF Nos. 34-35. Plaintiffs' reply was filed on June 6, 2022 ("Pls' Reply"). ECF No. 37. The motion is deemed fully briefed.

## II.     Factual Background

The following facts are taken from Defendant's counterclaim and are presumed to be true for purposes of this motion to dismiss. *See USAA Cas. Ins. Co. v. Permanent Mission of Republic of Namibia,* 681 F.3d 103, 105 n.4 (2d Cir. 2012). EH is a health and wellness online retailer that sells PPE nationwide. EH started selling PPE to Plaintiff RN Wellness in 2020. Through numerous transactions, EH sold over $160,000 in PPE to RN Wellness. On or about August 31, RN Wellness and EH entered into a written agreement whereby (1) EH agreed to allow RN Wellness, to pay money owed since May 2021 through an agreed-upon payment plan; and (2) RN Wellness agreed to pay EH $38,737.62 by September 24, 2021. EH alleges that RN Wellness failed to timely make payments according to the installment schedule and RN Wellness still owes EH $8,816.16.

## STANDARD OF REVIEW/LEGAL STANDARD

## I.     Rule 12(b)(1) Standard

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *S & R Dev. Estates, LLC v. Town of Greenburgh*, New York, 336 F. Supp. 3d 300, 307 (S.D.N.Y. 2018) (quotation marks omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged

in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). Rather, "[t]he [counter-]plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

## II.      Rule 12(b)(6) Standard

When resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Court's function on a motion to dismiss is "not to

weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

## DISCUSSION

### I.     Whether EH's Counterclaim Lacks Original Jurisdiction in Federal Court

Plaintiffs contend that this Court lacks subject matter jurisdiction to adjudicate this counterclaim under both its diversity jurisdiction, 28 U.S.C. § 1332(a), and federal-question jurisdiction, 28 U.S.C. § 1331. EH's counterclaim for breach of contract is a state law claim; therefore, it does not "aris[e] under the Constitution, laws, or treaties of the United States." 18 U.S.C. § 1331. There is no federal question jurisdiction. Federal courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). Here, EH's counterclaim alleges damages of $8,816.16. The amount in controversy is insufficient to confer diversity jurisdiction.

Thus, the counterclaim does not qualify for either federal question or diversity jurisdiction, and "must be dismissed unless [it] come[s] within the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) and the Court opts to exercise that jurisdiction." *Burgess v. Omar*, 345 F.Supp.2d 369, 371 (S.D.N.Y. 2004). Defendant EH argues that this Court has supplemental jurisdiction over its counterclaim under 28 U.S.C. § 1367(a).

### II.     Exercise of Supplemental Jurisdiction

28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts still have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims "form part of the same case or controversy" when they "derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011); *Achtman v. Kirby, McInerney & Squire, LLP*, 462 F.23d 328, 335, (2d Cir. 2006).

To determine whether claims derive from a common nucleus of operative fact, the Second Circuit has "traditionally asked whether the facts underlying the federal and state claims substantially overlapped . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court." *Achtman*, 464 F.3d at 335. The exercise of supplemental jurisdiction, however, "is left to the discretion of the district court." *First Capital Asset Mgmt., Inc. v. Saintwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004). A court balances "several factors, including considerations of judicial economy, convenience, and fairness to litigants." *Id.* at 183 (quoting *Purgess v. Sharrock,* 33 F.3d 134, 138 (2d Cir. 1994)).

A compulsory counterclaim necessarily falls within a court's jurisdiction. *Turban v. Bar Giacosa Corp.*, No. 19-CV-1138 (JMF), 2019 WL 3495947, at *3 (S.D.N.Y. Aug. 1, 2019). A compulsory counterclaim "'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim,'" which in this Circuit occurs where "there is a 'logical relationship' between the counterclaim and the main claim." *Jones v. Ford Motor Credit Co*., 358 F.3d 205, 209 (2d Cir. 2004) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)). A counterclaim is permissive if it fails the "logical relationship" test and it is determined that the counterclaims does not arise out of the same transaction or occurrence. *See id.* at 210.

"Although the 'logical relationship' test does not require 'an absolute identity of factual backgrounds,' the 'essential facts of the claims [must be] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Id.* at 209 (quoting *Critical–Vac Filtration Corp. v. Minutemen Int'l, Inc.,* 233 F.3d 697, 699 (2d Cir. 2000)).

### A.  The Counterclaim Is Permissive.

EH's breach of contract counterclaim is not compulsory; it is permissive.  Plaintiff claims that Defendant stole trade secrets from a database.  Defendant claims that at least some, if not all, of this information was not kept secret by Plaintiff.  Defendant claims that Plaintiff gave Defendant some of this information as part of a prior transaction, adding that Plaintiff breached the contract underlying that transaction.[1]

Even if Defendant didn't bring a counterclaim for breach of contract, the Defendant would still be entitled, at this point, to assert that the information was not secret based on the prior transaction.  Therefore, a common nucleus of operative facts exists.

Plaintiff's real argument is that they don't believe that Defendant's defense is a defense at all, claiming that EH's misappropriation of RN's trade secrets from a different source than the

---

[1] Defendant specifically alleges in its sixteenth affirmative defense that "no trade secret exists because Plaintiff failed to take proper efforts to keep the alleged trade secret information secret." ECF No. 26 ¶100. As an example, Defendant alleges that Plaintiff provided EH with "names and contact information of approximately 35 of their 'secret' customers when they provided such information to EH in order to allow EH to perform blind shipments for them." *Id.*  In its opposition to Plaintiffs' motion to dismiss, Defendant then argues that these blind shipments which support EH's affirmative defense are the same unpaid shipment transactions that are at issue in EH's breach of contract counterclaim. Def's Opp. at 6.

customer list related to the earlier transaction does not fold into the same nucleus of operative fact. The fact that Defendant claims it received the information from another source provided by Plaintiff is the crux of the defense.  Whether or not the defense is fantastic, merely good, or weak does not matter.

### B.  Discretionary Factors Favor Exercising Supplemental Jurisdiction.

However, whether a counterclaim "is permissive within the meaning of Rule 13 is not dispositive of the constitutional question whether there is federal jurisdiction over the counterclaim." *Jones,* 358 F.3d at 212. The Second Circuit has recognized that the "same case or controversy" test established by section 1367 allows subject matter jurisdiction for some permissive counterclaims, depending on the nature of the specific counterclaim. *See, e.g., id.* at 215 (remanding to district court for determination of "truly compelling circumstances" against exercise of jurisdiction where claim and counterclaim had common nucleus of operative fact).

It would be inefficient to have Defendants assert this defense, without bringing the breach of contract claim.  It would also be unfair—and inconvenient—to force Defendant to file a separate state action when the facts underlying the counterclaim would already be presented in federal court.

In addition, the prudential factors of 28 U.S.C. § 1367(c) do not disfavor exercising supplemental jurisdiction.   Under § 1367(c) courts have discretion to decile supplemental jurisdiction if:

1)  The claim raises a novel or complex issue of State law;

2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

3) The district court has dismissed all claims over which it has original jurisdiction; or

4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

There is nothing novel or complex about Defendant's breach of contract counterclaim; it concerns a "merely standard contract question." 358 F. 3d at 214. This quotidian breach of contract claim, seeking damages far less than those sought by Plaintiff, will not predominate over Plaintiff's claims. None of Plaintiff's claims have been dismissed, and no exceptional circumstances for declining the exercise of jurisdiction exist.

### III.    Plaintiffs' Motion to Dismiss for Failure to State a Claim

The Remedy section of the Agreement provides that a party may terminate the agreement, if, after giving notice to the other party, the noticed party fails to cure the breach or default in 10 days. In the event of termination, any money due on the date of the termination shall be immediately due and payable.

Plaintiffs claim that Defendant fails to state a claim by not pleading the notice element or stating that any Plaintiff failed to cure any breach. Plaintiffs are correct. Defendant did not plead the notice provision or failure to cure. Although the remedy provision is contained in the

written agreement that Defendant references in its opposition to the motion, it is not mentioned in the counterclaim, nor is it attached to that document.[2]

But the declaration attached to Defendant's opposition to the motion dismiss contains a written demand—from 2021--for payment of an outstanding amount in excess of $8,000. Although the Court cannot consider this attachment in deciding the motion to dismiss, leave to amend should be freely given.  FRCP 15(a)(2).  If Defendant includes this information in an amended counterclaim or attaches this exhibit to an amended counterclaim, Plaintiff's objections will be rendered nugatory.  Defendant may file a new counterclaim by November 29.

Plaintiff's motion to dismiss under 12(b)(1) is denied, and its motion to dismiss under 12(b)(6) is granted.  However, Defendant is granted leave to amend the cure the deficiencies related to the 12(b)(6) issues.

## CONCLUSION

Plaintiff's remaining arguments are without merit. For the reasons discussed herein, Plaintiffs' motion to dismiss Defendant's counterclaim under 12(b)(1) is DENIED. Plaintiffs' motion to dismiss under 12 (b)(6) is GRANTED.  BUT Defendant is permitted to file an amended counterclaim by November 29.  The parties are ORDERED to file a joint status report by December 7.

---

[2] It is well established that, when deciding a motion to dismiss, a Court may consider the allegations of the complaint and any documents attached to or incorporated by reference in the complaint.  *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F. 3d 660, 662 (2d Cir. 1996).

**SO ORDERED.**

**Dated: November 22, 2022**
        **New York, New York**

                                                    /s/ Andrew L. Carter, Jr.
_____

                                                    ANDREW L. CARTER, JR.

                                                    United States District Judge